UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WESTERN WORLD INSURANCE COMPANY**                                               **PLAINTIFF**

v.                                         CASE NO. 4:07-CV-00350 GTE

**HOME SERVICES OF CAMDEN, INC.;**
**FRED BRADSHAW; THOMAS J. STARK;**
**MIHAELA A. STARK**                                                              **DEFENDANTS**

## ORDER

Presently before the Court are Plaintiff's Motion for Default Judgment and Plaintiff's Motion for Summary Judgment.

**I.      Background**

On or about June 18, 2004, Defendant Home Services of Camden, Inc. ("HSI") purchased Commercial Lines Policy No. NPP892228 (the "Policy") from Western World. The Policy was issued to HSI for the policy period June 18, 2004 to June 18, 2005. The Policy includes a Commercial General Liability Coverage Form which state that Western World "will pay those sums that [HSI] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [Western World] will have the right and duty to defend the insured against any 'suit' seeking those damages. However, [Western World] will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

The Policy also provides for several conditions, including the following:

1

a. [HSI] must see to it that [Western World is] notified as soon as practicable of an "occurrence" or an offense which may result in a claim.
. . .
b. If a claim is made or "suit" is brought against any insured, [HSI] must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify [Western World] as soon as practicable.

[HSI] must see to it that [Western World] receive[s] written notice of the claim or "suit" as soon as practicable.

c. [HSI] and any other involved insured must:

(1) Immediately send [Western World] copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
. . .
No person or organization has a right under this Coverage Part:

a. To join [Western World] as a party or otherwise bring [Western World] into a "suit" asking for damages from an insured; or

b. To sue [Western World] on this Coverage Part unless all of its terms have been fully complied with.

On or about October 8, 2004, HSI entered into a contract with Defendants Thomas J. Stark and Mihaela A. Stark (the "Starks") to perform foundation work on the Starks' home. HSI allegedly performed this work negligently and caused damages to the Starks' home including, but not limited to, broken windows and buckling of the roof and floors. Because of the alleged deficiencies in HSI's work, the Starks filed an action captioned *Thomas J. Stark and Mihaela A. Stark v. Home Services of Camden, Inc.*, No. CV-2005-544, in the Circuit Court of Lonoke County, Arkansas (the "Stark Action").

HIS filed its Answer in the Stark Action on January 17, 2006. By property loss notice dated March 20, 2007, HSI first notified Western World of the Starks' claim and of the Stark Action. On

April 17, 2007, a trial in the Stark Action was held, and at the conclusion of the trial, the state court entered a judgment of $141,141.00, plus costs in the amount of $3,497, against HSI on May 4, 2007.

On April 6, 2007, Western World promptly filed the instant action seeking a declaration from this Court that there is no coverage for the incident in question under the Policy. Defendant Mihaela A. Stark filed an untimely answer on May 4, 2007. On July 12, 2007, the Clerk filed an entry of default as to Defendants Fred Bradshaw, Thomas J. Stark, and Home Services of Camden, Inc.

On October 4, 2007, this Court issued a Show Cause Order directing Defendants to file statements setting forth any and all facts and circumstances which support their position that default judgment and summary judgment should not be entered in Plaintiff's favor. The Order required such statement to be filed not later than October 15, 2007. As of the date of this Order, Defendants have failed to respond to the Court's Show Cause Order. As stated in the Court's Show Cause Order, it appears that summary judgment is warranted in this case. Therefore, Plaintiff's Motion for Summary Judgment should be granted. The Court finds that coverage is not available for the Stark Action claim by operation of the Policy.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgment (Docket No. 9) be, and is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Default Judgment (Docket No. 7), be, and is hereby, DENIED as moot.

Dated this 18th day of October, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE